UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6027-CR-ZLOCH
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOHNNIE POWELL,

    Defendant.
_____/

**NIGHT BOX FILED**
APR 1 9 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION FOR BILL OF PARTICULARS

COMES NOW the defendant Johnnie Powell, by and through his undersigned attorney, and pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and files his Motion For Bill Of Particulars.

The defendant respectfully requests that the court grant the motion and direct the government to provide a statement of particulars regarding the following matters:

1. State specifically the acts or omissions of the defendant which constituted "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income and tax due thereon" as charged in Count I of the indictment.

2. State specifically the acts or omissions of the defendant which constituted "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income and tax due thereon" as charged in Count II of the indictment.

3. State specifically the acts or omissions of the defendant which constituted "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income and tax due thereon" as charged in Count III of the indictment.

4. State specifically the acts or omissions of the defendant which constituted "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income and tax due thereon" as charged in Count IV of the indictment;

5. State specifically the acts or omissions of the defendant which constituted "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income and tax due thereon" as charged in Count V of the indictment.

6. State specifically those acts and omissions, and the date of the act or omission, which the Government contends constitute a knowing and willful attempt to evade taxes and occurred "thereafter" April 15, 1994, as alleged in Count II of the indictment.

7. State specifically those acts and omissions, and the date of the act or omission, which the Government contends constitute a knowing and willful attempt to evade taxes and occurred "thereafter" February 4, 1994, as charged in count III of the indictment.

8. State specifically those acts and omissions, and the date of the act or omission, which the Government contends constitute a knowing and willful attempt to evade taxes and occurred "thereafter" February 16, 1995.

9. State specifically those acts and omissions, and the date of the act or omission, which the Government contends constitute a knowing and willful attempt to evade taxes and occurred "thereafter" February 14, 1996.

The government has obtained a five count indictment charging the defendant with tax evasion for 1992, 1993, 1994, 1995, and 1996. Certain aspects of the indictment are conclusory in nature. As a result, the indictment does not give the defendant the information about the details of the charge against him which the defendant must have in order to prepare defenses to the charges, to avoid prejudicial surprise at trial, and to allow him to plead his acquittal or conviction as a bar to any subsequent prosecution for the same offense. The form of the current indictment significantly impairs defendant's ability to prepare his defense and is likely to lead to prejudicial surprise at trial. A bill of particulars setting forth such information is an absolute necessity.

## Memorandum of Law

Rule 7(f), Federal Rules of Criminal Procedure,[1] authorizes the court to enter an order requiring the government to provide a bill of particulars. The 1966 amendment of Rule 7(f) was intended to encourage a more liberal attitude by the courts towards bills of particulars, and the courts have recognized this development. The Advisory Committee note to that amendment states as follows:

> "The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion,

---

1. **Rule 7. The Indictment and the Information**
   ***
   **(f) Bill of Particulars.** The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires.

see the opinion of Justice Whittaker written when he was a district judge in <u>United States v. Smith</u>, 16 F.R.D. 372 (W.D. Mo. 1954)."

While the granting of a bill of particulars is still entrusted to the discretion of the court, such discretion should be exercised liberally. It should be noted that whether an indictment is sufficient or not is irrelevant in determining whether a bill of particulars is proper. The fact that an indictment is sufficient does not preclude a court from granting a bill. See <u>United States v. Debrow</u>, 346 U.S. 374, 378 (1953).

The function of a bill of particulars is clearly established. It is designed to provide a defendant with information about the details of the charges against him when detail is necessary to the preparation of the defense and necessary to avoid prejudicial surprise at trial. Wright, <u>Federal Practice and Procedure</u>, § 129 (1997). One purpose of a bill of particulars is to apprise a defendant of what he is expected to meet. See <u>Pipkin v. United States</u>, 243 F.2d 491, 494 (5th Cir. 1957). A defendant must be apprised of what the government intends to prove. He is presumed to be innocent and hence ignorant of the facts on which the charges are based. Wright, <u>supra</u>, § 129. Additionally, a bill of particulars enables a defendant to plead an acquittal or conviction to bar a subsequent prosecution for the same offense. <u>United States v. Haskins</u>, 345 F.2d 111, 114 (6th Cir. 1965).

Judge Whittaker explained the purpose of a bill of particulars in <u>United States v. Smith</u>, <u>supra</u>, a case cited by the Advisory Committee on Rule 7 as an example of the wise use of a bill of particulars:

> "Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer. Its proper office 'is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the

4

> trial', and when necessary for those purposes, is to be granted even though it requires 'the furnishing of information which in other circumstances would not be required because evidentiary in nature' and an accused is entitled to this 'as of right'. . . . It seems quite clear that where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered. (Cites omitted).

United States v. Smith, 16 F.R.D. 372, 374-375 (W.D. Mo.1954).

Applying these principles to the facts of the instant case, the present indictment makes conclusory statements and lacks the detailed facts without which defendant cannot possibly prepare defenses. Further, the vague indictment precludes the defendant from effectively claiming double jeopardy against any subsequent prosecution. To avoid the prejudice that will result to him, the particulars sought should be furnished by the government at an early date. All of the particulars sought request information needed by defendant to prepare defenses, avoid surprise at trial, and plead double jeopardy if necessary at a later date.

The defendant is entitled to particulars concerning which acts or omissions will be relied upon to hold defendant criminally liable. See United States v. Nomera Trading Co., 213 F. Supp. 704 (S.D. N.Y. 1963); United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987) (reversing conviction on ground that trial court erroneously denied motion for bill of particulars which had sought specific identification of false claims).

The indictment charges the defendant with tax evasion, but it does not state with specificity all acts or omissions which constitute concealing or attempting to conceal his income. Further, counts II through V have no date limitation regarding the commission of the charged crime, but simply allege it occurred on listed dates and "thereafter." Given the nature of the charge, and the inadequacy of the indictment, a detailed bill of particulars is required.

WHEREFORE the defendant prays that the court grant this motion and direct the government to provide a bill of particulars as requested herein.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 20th day of April, 2000, to Robin Rosenbaum, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

*[signature]*

Martin J. Bidwill