UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6027-CR-ZLOCH
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,
Plaintiff,

v.

JOHNNIE POWELL,

Defendant.

_____/

NIGHT BOX FILED
APR 1 9 2000
CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### DEFENDANT'S MOTION TO DISMISS COUNT I OF THE INDICTMENT AS BARRED BY THE STATUTE OF LIMITATIONS

COMES NOW the defendant, Johnnie Powell, by and through his undersigned attorney, and files his Motion To Dismiss Count I of the Indictment as Barred By the Statute of Limitations and states as follows:

1. On February 1, 2000, a grand jury of this Court returned a five count indictment against the defendant. All five counts charged the defendant with tax evasion in violation of 26 U.S.C. § 7201.

2. Count I of the indictment charges the defendant with tax evasion for the tax year 1992. Any obligation to pay a tax, if such an obligation did exist, became due on April 15, 1993.

3. The limitation period for violations of 26 U.S.C. § 7201 is six years. 26 U.S.C. § 6531. As no extension of time to file a return or pay a tax was obtained, the limitation period applicable to the 1992 tax year began running on April 15, 1993. *See United States v. Payne*, 978 F.2d 1177, (10th Cir. 1992); *United States v. Myerson*, 368 F.2d 393, 395 (2nd Cir. 1966). *Cf. United*

*States v. Habig*, 390 U.S. 222, 88 S.Ct. 926 (1968) (finding that, when an extension of time is obtained, limitation period did not begin to run until return is filed); *Bursten v. United States*, 395 F.2d 976 (5th Cir. 1968) (same).[1] Accordingly, the limitation period ended on April 15, 1999. As the subject indictment was returned after April 15, 1999, and more than six years from the date the limitation clock began ticking, the offense charged in count I of the indictment is barred by the six year limitation period.

WHEREFORE the defendant prays that the Court grant this motion and dismiss count I of the indictment as time barred pursuant to 26 U.S.C. § 6531.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: /s/ Martin J. Bidwill

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

---

[1] The United States Court of Appeals for the Eleventh Circuit has adopted as precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 20TH day of April, 2000, to Robin Rosenbaum, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394.

*Martin J. Bidwill*

Martin J. Bidwill