UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6027-CR-ZLOCH

UNITED STATES OF AMERICA )
)
vs. )
)
JOHNNY LEONARD POWELL, )
a/k/a Johnnie Leonard Powell, )
)
Defendant. )
_____ )

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTIONS TO DISMISS

### INTRODUCTION

Based on an erroneous interpretation of the 1939 Internal Revenue Code – a body of law that has not been in effect for almost fifty years – defendant argues that the current Section 7201 of Title 26 requires the pleading of four elements, including three that the United States Supreme Court has never required in the thirty-five years since it first interpreted the elements of Section 7201. Defendant further asserts that the United States failed to prosecute Count I of the Indictment within the six-year statute of limitations, even though defendant undertook affirmative acts to evade his 1992 federal income tax liability as recently as three years ago. Because defendant's contentions lack merit, the United States respectfully submits that the Court should deny defendant's motion to dismiss the Indictment and defendant's motion to dismiss Count I of the Indictment.

### ARGUMENT

**I.    THE INDICTMENT PLEADS ALL ESSENTIAL ELEMENTS OF 26 U.S.C. §7201**

Section 7201 provides, in relevant part, "Any person who willfully attempts in any manner

39

to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony . . . ." 26 U.S.C. §7201. Section 7701, in turn, defines a person "to mean and include an individual, trust, estate, partnership, association, company or corporation." 26 U.S.C. §7701.

The language of these statutes could not be clearer. First, defendant is plainly an individual, and thus, a "person," as defined by the statute. Second, literally decades of opinions all hold that the crime described by Section 7201 contains three elements: (1) willfulness; (2) existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. See United States v. Kaiser, 893 F.2d 1300, 1305 (11th Cir. 1990) (citing Sansone v. United States, 380 U.S. 343, 351 (1965)) (identifying the three elements of a violation of Section 7201); United States v. Williams, 875 F.2d 846, 849 (11th Cir. 1989) (citing Sansone and United States v. Cruz, 698 F.2d 1148, 1150 (11th Cir.), cert. denied, 464 U.S. 960 (1983)) (same); United States v. Edwards, 777 F.2d 644, 650 (11th Cir. 1985), cert. denied, 475 U.S. 1123 (1986) (same). As defendant does not contest, the Indictment in this case alleges each of these three elements in each count. Consequently, and contrary to defendant's contentions, the Indictment satisfies all pleading requirements.

Despite the unanimity of cases holding that Section 7201 requires allegations of only the three elements identified above, however, defendant nonetheless remarkably contends that Section 7201 has three additional elements – elements that apparently have never been identified in case law in the forty-six-year history of the existence of Section 7201. Specifically, defendant claims that Section 7201 requires the United States to demonstrate the following four elements: (1) the defendant was a person required to collect a tax; (2) the defendant was a person required to account for a tax; (3) the defendant was a person required to pay over a tax; (4) the defendant, if such a person, had

-2-

collected a tax and willfully attempted to evade or defeat the tax by failing to account for it and by failing to pay over the tax. Even the most profound review of the statutory language of Section 7201 fails to suggest these proposed elements. Not surprisingly, the Eleventh Circuit has described an argument comparable to defendant's – where another defendant argued that the only people statutorily liable for income taxes under Section 7201 are the withholding agents of nonresident aliens and foreign corporations – as "utterly without merit." United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987).

Indeed, in an implicit concession that neither the language of Section 7201 nor the case law interpreting Section 7201 supports defendant's unique interpretation of Section 7201, defendant directs the Court to Section 145(b) of the Internal Revenue Code of 1939, the precursor statute to Section 7201, to bolster his position. Section 145(b), however, does not assist defendant, either. First, where, as here, the statutory language is clear on its face and is not unconstitutional, the court need look no further than the language of the actual statute under review. Cf. Chevron, USA v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984) (holding in the administrative law context that where the intent of Congress is clear from the statutory language, "that is the end of the matter"). Because there is no ambiguity in Section 7201 or Section 7701(a)(1), the Court need not and should not consider the legislative history of Section 7201, including the precursor statute to Section 7201.

Second, even if it were appropriate to consider the intent of Section 7201's precursor statute -- and we submit that it is not -- Section 145(b) of the Internal Revenue Code of 1939 never required the elements defendant attributes to it. In fact, Section 145(b) imposed the same elements of proof that Section 7201 now demands: (1) willfulness; (2) existence of a tax deficiency; and (3) an

affirmative act constituting an evasion or attempted evasion of the tax. See United States v. Beacon Brass Co., 344 U.S. 43, 45 (1952) (holding that Section 145(b) "requires proof that [defendant's actions] were [done] in a willful effort to evade taxes"); see also Steinberg v. United States, 162 F.2d 120 (5th Cir.) (affirming conviction of individual under Section 145(b) for evading his income and victory taxes), cert. denied, 332 U.S. 808 (1947);[1] Cave v. United States, 159 F.2d 464 (8th Cir.) (affirming conviction of individual under Section 145(b) for evading his income taxes), cert. denied, 331 U.S. 847 (1947). In short, defendant's claim that the Indictment is fatally defective because it does not allege his novel view of the elements of Section 7201 is entirely unsupported by the statutory language of Section 7201, the case law, and the precursor statute to Section 7201, Section 145(b) of the Internal Revenue Code of 1939. Accordingly, the United States respectfully submits that the Court should deny defendant's motion to dismiss the Indictment.

## II.    COUNT I OF THE INDICTMENT FALLS WITHIN THE STATUTE OF LIMITATIONS AND SHOULD NOT BE DISMISSED

In his other motion to dismiss, defendant claims that the Court should dismiss Count I of the Indictment for failure to satisfy the statute of limitations. In support of this motion, defendant argues that the statute of limitations ran for Count I on April 15, 1999, because Count I addresses defendant's 1992 income tax evasion, his taxes were due to be filed on April 15, 1993, and the applicable statute of limitations is six years.

Defendant's argument fails to account for the fact that, as alleged in Count I of the Indictment, defendant willfully undertook affirmative actions as late as February 6, 1997, to evade

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit issued prior to October 1, 1981.

and defeat the income taxes he owed.  Specifically, on January 24, 1997, and February 6, 1997,

defendant filed "zero" returns for the taxable year 1992.  Although he was employed and earned

substantial wages during 1992, defendant nevertheless filed false tax returns indicating that he had

received no wages, salaries, tips, etc., and that he had no income or tax liability.  Because defendant

did not commit these actions until 1997, the statute of limitations on defendant's 1992 tax liability

evasion does not run until 2003.  See United States v. Hunerlach, 197 F.3d 1059, 1065 (11th Cir.

1999) (citations omitted) (holding that the six-year statute of limitations under Section 7201 begins

to run from the time of the last affirmative act of evasion, even if that act occurs more than six years

from the date on which the tax is due).  Consequently, the defendant's motion to dismiss Count I of

the Indictment for a violation of the statute of limitations lacks merit and should be denied.

<u>CONCLUSION</u>

        For the foregoing reasons, the United States respectfully submits that the Court should deny

defendant's motions to dismiss.

                              Respectfully submitted,

                              THOMAS E. SCOTT
                              UNITED STATES ATTORNEY


                    By:

                              Robin S. Rosenbaum
                              Assistant United States Attorney
                              Florida Bar No. 908223
                              500 E. Broward Blvd.
                              Suite 700
                              Fort Lauderdale, Florida 33394
                              Tel: 954-356-7255 ext. 3595
                              Fax: 954-356-7336

-5-

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent by

United States mail this 28th day of April, 2000, to Marty Bidwell, Esq., Federal Public Defender's

Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

Robin S. Rosenbaum
Assistant United States Attorney

-6-