UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 00-6027-CR-ZLOCH
Magistrate Judge Seltzer

UNITED STATES OF AMERICA,
    Plaintiff,

v.

JOHNNIE POWELL,

    Defendant.

_____/

**NIGHT BOX FILED**

**MAY 1 9 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## DEFENDANT'S APPEAL & OBJECTIONS FROM MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR BILL OF PARTICULARS

COMES NOW the defendant Johnnie Powell, by and through his undersigned attorney, and pursuant to 28 U.S.C. § 636 and Rule 4 of the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, and files his Appeal & Objections From Magistrate Judge's Order Denying Motion For Bill of Particulars, and states as follows:

1. In an ore tenus order on May 11, 2000, United States Magistrate Judge Barry Seltzer denied the defendant's Motion For Bill of Particulars.

2. The defendant specifically objects to the magistrate judge's order denying the motion for bill of particulars. Respectfully, the defendant requests *de novo* review by the district court. The defendant respectfully requests that the court grant the motion and direct the government to provide a statement of particulars regarding the matters set out in the motion.



3.  The government has obtained a five count indictment charging the defendant with tax evasion for 1992, 1993, 1994, 1995, and 1996. Certain aspects of the indictment are conclusory in nature. Specifically, as to all counts of the indictment, the Government alleges that the defendant evaded taxes by setting out certain acts and omissions which constitute the evasion. However, the Government goes on to also allege in each count that the defendant evaded taxes by "otherwise concealing and attempting to conceal from all proper officers of the United States his true and correct income. . . ." Counts 2-5 also allege that the crimes were committed between specified approximate dates and "thereafter." By failing to advise what constitutes "otherwise concealing and attempting to conceal" and by alleging that the offenses occurred "thereafter" specified dates, the indictment fails to give the defendant the information about the details of the charge against him which the defendant must have in order to prepare defenses to the charges, to avoid prejudicial surprise at trial, and to allow him to plead his acquittal or conviction as a bar to any subsequent prosecution for the same offense. The form of the current indictment significantly impairs defendant's ability to prepare his defense and is likely to lead to prejudicial surprise at trial. A bill of particulars setting forth such information is an absolute necessity, and the magistrate judge erred by denying the motion. United States v. Bortnovsky, 820 F.2d 572 (2nd Cir. 1987) (reversing conviction on ground that trial court erroneously denied motion for bill of particulars which had sought specific identification of false claims). The Government's claim that the extensive discovery renders a statement of particulars unnecessary is without merit. Id.

WHEREFORE the defendant prays that the court reverse the magistrate judge's order and instead grant the motion, directing the government to provide a bill of particulars as requested therein.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 19th day of May, 2000, to Robin Rosenbaum, Assistant United States Attorney, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301.

*[signature]*

Martin J. Bidwill

3