UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6027-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHNNY LEONARD POWELL, | ) |
| a/k/a Johnnie Leonard Powell, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S APPEAL & OBJECTIONS FROM MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR BILL OF PARTICULARS

The United States, by and through undersigned counsel, hereby opposes Defendant's Appeal & Objections from Magistrate Judge's Order Denying Motion for Bill of Particulars, and respectfully submits that the motion should be denied. In support of its position, the United States offers the following reasons:

1. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted).

2. A district court is vested with broad discretion in deciding whether a bill of particulars should be granted. United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted). A district court's refusal to grant a request for a bill of particulars is reversible only if it can be shown that "the defendant was actually surprised at trial and thereby incurred prejudice to his substantial rights." Id.

3. Thus, in a case "where evidence consist[ed] mainly of testimony by witnesses of conversations in which a defendant participated, of activity in a defendant's place of business which he witnessed, and of arrests in the business parking lot which he also witnessed, the defendant 'could hardly have been surprised by the government's proof at trial.'" United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted).

4. Similarly, where documents exchanged before trial reflect evidence introduced at trial, there is no surprise or prejudice. See United States v. Wilson, 647 F.2d 534, 536-37 (5th Cir. Unit B 1981).

5. Here, even a cursory review of the indictment reveals that all elements of 26 U.S.C. §7201 are alleged in each count: (1) willfulness; (2) existence of a tax deficiency; (3) affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. U.S., 380 U.S. 343, 351 (1965). The defendant is entitled to no more.

6. Consequently, requiring the United States to articulate each and every willful action engaged in by defendant in furtherance of evading and defeating his income taxes would place an incredible burden on the United States while fulfilling no right of defendant. In this case defendant engaged in numerous acts in furtherance of his attempt to evade and defeat paying his income taxes, including, among others, repeatedly filing false W-4 forms with his employer and inundating the IRS with non-sensical correspondence to further delay paying his taxes. Defendant is well aware of all of these acts (1) because he engaged in them and (2) because the United States has provided defendant with copies of all materials that the United States alleges defendant filed in furtherance of his attempt to evade and defeat the federal income tax.

7. Where a defendant was present or participated directly in creating the very evidence that

-2-

forms the basis of the criminal activity alleged in the indictment, he is not entitled to a bill of particulars, as long as the indictment states all necessary elements of the crime with which the defendant is charged. See United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985); United States v. Wilson, 647 F.2d 534, 536-37 (5th Cir. Unit B 1981).

8. To require the United States to catalogue defendant's library of anti-tax propaganda would allow defendant to further his obstructionist, time-consuming tax war on the United States – an effort that has already consumed significant amounts of taxpayer-paid employee time, with no gain to defendant, because he already has all of this information twice – once when he prepared these filings, and a second time, when the United States produced defendant's own tome to defendant during the course of discovery.

## CONCLUSION

For the foregoing reasons, the United States respectfully submits that the Court should deny defendant's appeal.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____
Robin S. Rosenbaum
Assistant United States Attorney
Florida Bar No. 908223
500 E. Broward Blvd.
Suite 700
Fort Lauderdale, Florida 33394
Tel: 954-356-7255 ext. 3595
Fax: 954-356-7336

-3-

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by United States mail this 25 day of May, 2000, to Marty Bidwell, Esq., Federal Public Defender's Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

*Robin S. Rosenbaum*
Robin S. Rosenbaum
Assistant United States Attorney