UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6027-CR-ZLOCH

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| JOHNNY LEONARD POWELL, | ) |
| a/k/a JOHNNIE LEONARD POWELL, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S NOTICE OF INTENT
### TO RELY UPON 404(b) EVIDENCE

The United States of America, by and through undersigned counsel, hereby files this Notice of intent to rely upon evidence admissible pursuant to Rule 404(b), Fed. R. Evid. The evidence in question is highly relevant, as it constitutes evidence of defendant's intent, preparation, plan, knowledge, and absence of mistake or accident. See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir.1998) (Evidence must meet three requirements to be admissible under Rule 404(b): (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403). All evidence identified in this Notice was previously provided to counsel for defendant along with the Government's Response to the Standing Discovery Order filed and served on February 29, 2000.



The evidence upon which the United States intends to rely is as follows:

1. Personnel Manual Disclaimer (Bates Number 24)

2. City of Hallandale Employee Harassment Training form (26)

3. Evidence relating to the child support enforcement action captioned *State of Florida Department of Health and Rehabilitative Services, OBO: Sherry L. McCarthy,* Case No. 93-30735-FM-CI 36, particularly Bates Numbered Documents 467, 468, 473-74, 482-83, 485, and 246.

4. Evidence relating to the child support enforcement action captioned *State of Florida Department of Revenue, OBO: Lucille P. Oxendine v. Johnny L. Powell,* Case No. 94-30814-FMCI-35, and subsequent lawsuit captioned *Johnny Powell v. Charles Ruppel, et al.,* Case No. 95-6060-CIV-ZLOCH (S.D. Fla.), particularly Bates Numbered Documents 554-606.

5. Evidence relating to the bankruptcy action captioned *In re: Johnnie Leonard Powell*, Case No. 96-23262-RBR, particularly Bates Numbered Documents 373-74, 386, 392, 372, 393-408.[1]

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

ROBIN S. ROSENBAUM
ASSISTANT U.S. ATTORNEY
Florida Bar No. 908223
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 ext. 3595
Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this notice was sent this 11th day of July, 2000, by facsimile and United States mail, first class, to Marty Bidwell, Esq., Federal Public Defender's Office, 101 N.E. 3rd Avenue, Suite 202, Fort Lauderdale, Florida 33301.

*[signature]*
Robin S. Rosenbaum
Assistant U.S. Attorney

---

[1] The United States respectfully submits that the Bankruptcy Action evidence is not 404(b) evidence, but in fact constitutes evidence that is necessary to complete the story of the crime and/or evidence that is inextricably intertwined with the evidence regarding the charged offense, as defendant apparently filed for bankruptcy in an attempt to absolve himself of his tax debt. See United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996) ("'Bad acts' evidence is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."); United States v Schlei, 122 F.3d 944, 990 (11th Cir. 1997) (citation omitted), cert. denied, 523 U.S. 1077 (1998). In an abundance of caution, however, the United States submits this 404(b) Notice for this evidence as an alternative basis for its admissibility.

-3-